

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

Sept. 23, 1977

Honorable E. J. Voorhis,
   Acting Director
State Board of Insurance
1110 San Jacinto
Austin, Texas  78786

Opinion No. H-1060

Re:  Change of optional
retirement program contracts
or carriers.

Dear Mr. Voorhis:

Your office has asked if sections 51.352 (6) and 57.358 of the Texas Education Code prevent optional retirement program (hereafter ORP) participants from using benefits accrued under an ORP contract to fund a different ORP contract offered by the same carrier or by a different one.

It is the responsibility of the governing body of each Texas institution of higher education to administer an optional retirement program and to provide for the purchase of annuity contracts from a variety of qualified carriers. Education Code §§ 51.353; 51.354. The purpose is to provide retirement benefits to teachers and administrators at state supported institutions of higher education. Education Code § 51.351; Attorney General Opinion H-532 (1975).

Of the two Education Code sections you cite, the first, section 51.352, reads:

> In this subchapter:
>
> . . . .
>
> (6) 'Optional Retirement Program' means the program under this Subchapter to provide fixed or variable retirement annuities which meet the requirements of . . . [certain sections of the Internal Revenue Code of 1954], <u>and the benefits of such annuities are to be available only upon termination of employment in the Texas public institutions of higher education, retirement, death or total disability of the participating faculty member.</u>

(Emphasis added).

The other, section 51.358, reads:

> Participation in the Optional Retirement Program shall terminate and the benefits of such annuities will be available only if the participant
> (1)  Dies;
> (2)  Terminates his employment due to total disability;
> (3)  Accepts retirement;
> (4)  Terminates employment in the Texas public institutions of higher education. . . . <u>Transfers between such institutions mentioned in this section and changes in carriers shall not constitute termination of employment. An institution of higher education shall accept the transfer of any participant's Optional Retirement Program.</u>

(Emphasis added).

In Attorney General Opinion H-532 (1975) at 3, we said section 51.358 constitutes an express limitation on the availability of benefits for ORP annuitants, and that such benefits "are unavailable so long as the faculty participant remains an employee in a public institution of higher education." Further, we said:

> [A] participant in the ORS [Optional Retirement System] has never had the right to surrender his annuity contract for cash or to receive a loan of all or any part of the accumulated contributions during the time he remained an employee of a public institution of higher education. . . . While participants' rights under an ORP vest in one year, these rights are to receive future benefits upon termination of employment by a public institution of higher education. There is no right to those future benefits prior to termination.

<u>Id.</u> at 4.

Our analysis in H-532 was strongly influenced by Woods
v. Reilly, 218 S.W.2d 437 (Tex. 1949), and by Teacher Retire-
ment System v. Duckworth, 260 S.W.2d 632 (Tex. Civ. App. --
Fort Worth 1953), opinion adopted, 264 S.W.2d 98 (Tex. 1954).
Citing them, we said that contractual retirement system
annuities are to be regarded as "pay withheld to induce
continued faithful service," and that cash surrender or loan
provisions which make contract benefits available to parti-
cipants before retirement "are inconsistent with the purpose
underlying retirement systems, which is to provide security
upon retirement." H-532 (1975) at 4.

Your office suggests that the benefits of an ORP contract
do not "become available" to the ORP participant when the contri-
butions and earnings accumulated pursuant to one institutionally-
approved ORP contract are transferred directly to another
such institutionally-approved contract. You suggest that if
the transfer is accomplished in a manner that prevents possible
diversion or unauthorized use of the accumulated ORP assets,
the basic purpose and plan of the retirement system continues
to be served; i.e., pay continues to be withheld to induce con-
tinued faithful service, and no benefits become available to a
participant in a way inconsistent with the provision of security
upon retirement.

We agree. Section 51.358 contemplates that participants
may change carriers or transfer programs from one institution
to another. It carefully provides that such transactions "shall
not constitute a termination of employment," the event which
gives participants access to the benefits of their annuity con-
tracts. Attorney General Opinion H-532 dealt with one aspect
of that matter when it observed that a "participant may transfer
programs and receive benefits from both." H-532 (1975) at 3.
We recognized that a participant might discontinue making con-
tributions to one program and begin participating in another
approved program; and where its assets were not transferred
from the old program to fund the new one, that the participant
could do so without forfeiting future benefits under the old
contract. See Ins. Code art. 3.72, § 3(c)(i).

In Attorney General Opinion H-532 we were asked if the law
prohibited ORP contracts from containing provisions for cash
surrenders and contract loans to a still-employed participant
and whether this prohibition would affect the transfer of a
participant from one institution to another or from one ORP to
another. Our attention was given to determining if the trans-
action would allow participants immediate, unfettered access to
accrued contractual benefits. We did not address the legality
of other arrangements which might be made in such an event.

·In our opinion, neither Texas Education Code, section 51.352 (6), nor section 51.358 prohibits participants from transferring from one approved optional retirement program to another, so long as the actions taken are not subterfuges to obtain pre-termination access to ORP benefits or assets, and do not otherwise frustrate the law. We do not think the authorized transfer of ORP assets to a different, approved ORP gives them such access. Cf. Internal Revenue Ruling 73-124 (change of carriers is neither a surrender of annuity nor a taxable event).

### S U M M A R Y

Neither Texas Education Code, section 51.352 (6), nor section 51.358 prohibits still-employed participants from transferring from one approved optional retirement program to another, so long as the actions taken are not subterfuges to obtain pre-termination access to ORP benefits or assets, and do not otherwise frustrate the law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst